UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ERIC RODNEY HILL, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 1:23-cv-0940 (RC) |
| DISTRICT OF COLUMBIA, *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

### MEMORANDUM OPINION

Plaintiff Eric Rodney Hill brought this action against the District of Columbia and the District of Columbia Department of Corrections (collectively, "the District" or "defendant") on March 31, 2023. At that time, plaintiff was detained at the District's Central Detention Facility ("D.C. Jail"), and since has been designated to the Federal Correctional Institution in Otisville, New York. On consideration of defendants' motion to dismiss and for summary judgment (ECF No. 21) and plaintiff's motions and other submissions (ECF Nos. 15, 16, 23, 24, 25, 29, 30, 34), the Court GRANTS defendants' motion and DENIES plaintiff's motions.

**I.    Plaintiff's Factual Allegations**

Plaintiff has epilepsy. *See* Attach. (ECF No. 1-1) at 1.[1] When he arrived at the D.C. Jail on February 15, 2022, correctional officers allegedly assaulted him and took from him three prescribed medications: Xanax, Ativan and Elavil. *Id*. at 2; *see id*. at 1. Although plaintiff "continued to write grievances . . . he was ignored by the administration and all request[s] for the . . . medications were denied." *Id*. at 4.

---

[1] Page numbers are those designated by CM/ECF.

1

On February 16, 2022, plaintiff had a grand mal seizure caused by withdrawal from the prescribed medications. Compl. (ECF No. 1) at 8. Plaintiff allegedly remained unconscious in a cell for three days before being transported to a hospital on February 20, 2022. *Id*.

According to plaintiff, notwithstanding the grievances he filed, he "was beaten, tortured mentally and physically [and] denied medical treatment for . . . epilepsy." Attach. at 2. When he had another seizure on March 26, 2022, a nurse responded to a call for assistance. *Id*. The nurse, who weighed substantially more than plaintiff, allegedly punched plaintiff causing his nose to bleed and bruising his right eye. *See id*. at 2-3.

Plaintiff found himself in need of medical attention on other occasions when "bleeding from his penis." Attach. at 4. Although plaintiff complained of "horrific" pain," *id.* and "continued to beg for medical treatment," *id*., allegedly none was provided. Thus plaintiff "ha[d] been beaten and tortured" while in the District's custody, Compl. at 6, and "the torture is cruel and unusual," *id*. at 8. Plaintiff demands a judgment in his favor and an award of $2 million. *Id*. at 6.

## II.     Legal Standards

### A.     Amendment of the Complaint under Rule 15(a)

The decision to grant or deny leave to amend a complaint "is committed to a district court's discretion." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). "The court should freely give leave when justice so requires," FED. R. CIV. P. 15(a)(2), "in the absence of undue delay, bad faith, undue prejudice to the opposing party, repeated failure to cure deficiencies, or futility," *Richardson v. United States*, 193 F.3d 545, 548-49 (D.C. Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). If the proposed amended complaint would not survive a motion to dismiss, the Court may deny leave to amend as futile. *See In re*

*InterBank Funding Corp. Sec. Litigation*, 629 F.3d 213, 218 (D.C. Cir. 2010); *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996).

### B.     Dismissal of the Complaint under Rule 12(b)(6)

A Rule 12(b)(6) motion "tests the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). It does not test a plaintiff's ultimate likelihood of success on the merits, but only forces the Court to determine whether a plaintiff has properly stated a claim. *See ACLU Found. of S. Cal. v. Barr*, 952 F.2d 457, 467 (D.C. Cir. 1991). Because plaintiff is proceeding *pro se*, the Court must "consider his filings as a whole before dismissing a complaint." *Schnitzler v. United States*, 761 F.3d 33, 38 (D.C. Cir. 2014) (citing *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999)); *see Greenhill v. Spellings*, 482 F.3d 569, 572 (D.C. Cir. 2007).

To survive a Rule 12(b)(6) motion, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In considering such a motion, the Court must construe the complaint "liberally in the plaintiff's favor with the benefit of all reasonable inferences derived from the facts alleged." *Stewart v. Nat'l Educ. Ass'n*, 471 F.3d 169, 173 (D.C. Cir. 2006) (citing *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Further, the Court neither accepts plaintiff's legal conclusions as true, *see id.*, nor presumes the veracity of legal conclusions couched as factual allegations, *see Twombly*, 550 U.S. at 555.

### C. Summary Judgment under Rule 56

The Court grants summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The movant bears the initial burden of identifying portions of the record that demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(c)(1). In response, the non-moving party must point to specific facts in the record that reveal a genuine issue that is suitable for trial. *See* FED. R. CIV. P. 56(c)(1); *Celotex*, 477 U.S. at 324. Conclusory assertions offered without any evidentiary support do not establish a genuine issue for trial. *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999). And the Court need not assume the role of advocate for a *pro se* plaintiff. *See Sun v. District of Columbia Gov't*, 133 F. Supp. 3d 155, 168 n.6 (D.D.C. 2015) ("[T]he Court's duty to construe *pro se* filings liberally has its limits, and it is not the Court's job to canvass the record for documents supporting a *pro se* party's position.").

## III. Discussion

### A. Plaintiff's Motions and Other Submissions

The Court construes the complaint as one bringing claims under 42 U.S.C. § 1983 and common law claims of negligence, assault and battery. Scattered throughout plaintiff's motions and other submissions are claims unrelated to those set forth in the original complaint, including claims that are not properly before this Court. The Court DENIES plaintiff's motions and construes the document designated "Motion" (ECF No. 29) as plaintiff's opposition to the District's motion to dismiss and for summary judgment.

### 1. Motion to Amend the Complaint (ECF No. 15)

Plaintiff's proposed amended complaint goes back in time, to December 2018, to plaintiff's arrest by Metropolitan Police Department ("MPD") officers, *see* Mot. Am. Compl. at 1, 3, and introduces myriad complaints about the judge presiding over the criminal case in the Superior Court of the District of Columbia, *see id*., at 2. For example, plaintiff faults the judge for ordering plaintiff, who had been released on personal recognizance, held at the D.C. Jail, *see id.* at 2, where on February 15, 2022, "the deprivation, physical, and mental torture started," *id*. Further, plaintiff alleges that the judge refused to recuse herself on plaintiff's motion, refused to allow plaintiff to hire the attorney of his choice, and, over plaintiff's objection, assigned a public defender to represent him. *See id*. at 3. According to plaintiff, he "now lives in fear and [has] nightmares about the past physical torture, mental torture and the defendants['] abuse of power, abuse of authority and what was done to the plaintiff . . . by the defendants as intentional not by mistake." *Id*. at 4. Plaintiff demands an award of $3 million. *Id*. The Court concludes that amendment is futile.

As a general rule, applicable here, this Court lacks jurisdiction to review the decisions, enjoin the actions, or overturn the rulings of a Superior Court judge. *See Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (relying on *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) and *Rooker v. Fidelity Trust Co*., 263 U.S. 413, 415, 416 (1923)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (same). Nor may this Court entertain a collateral challenge to plaintiff's conviction.

Ordinarily, a person convicted in and sentenced by the Superior Court would seek post-conviction relief by motion under D.C. Code § 23-110, which in part provides:

> A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was

5

> imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence.

D.C. Code § 23-110(a). "Section 23-110 . . . gives the [S]uperior [C]ourt exclusive jurisdiction of virtually all collateral challenges," *Head v. Wilson*, 792 F.3d 102, 104 (D.C. Cir. 2015), and only under limited circumstances may a D.C. Code offender obtain relief in federal court:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by the Superior Court or by any Federal or State court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g); *see Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir.) (per curiam), *cert. denied*, 479 U.S. 993 (1986); *see also Head v. United States*, 489 A.2d 450, 451 (D.C. 1985) (noting that relief under § 23-110 "is appropriate only for serious defects in the trial which were not correctible on direct appeal or which appellant was prevented by exceptional circumstances from raising on direct appeal").

Plaintiff's allegations of trial court error are proper fodder for the District of Columbia courts, whether on direct appeal to the District of Columbia Court of Appeals, *see* D.C. Code § 11-721, or by motion in the Superior Court under § 23-110, *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009), *cert. denied*, 559 U.S. 1042 (2010).[2]  And absent any showing by

---

[2] The District of Columbia Court of Appeals affirmed plaintiff's conviction for assault with significant bodily injury while armed ("ASBI") and 60-month term of imprisonment.  Because

plaintiff that he either has sought relief under § 23-110, or that the Superior Court denied his § 23-110 motion, or that the remedy available in the Superior Court is inadequate or ineffective to test the legality of plaintiff's detention, plaintiff has no recourse in federal district court.  *See Johnson v. Stansberry*, No. 10-cv-0178, 2010 WL 358521, at *1 (D.D.C. Jan. 29, 2010); *Richardson v. Stephens*, 730 F. Supp. 2d 70, 72 (D.D.C. 2010).

Insofar as plaintiff demands monetary damages for having been convicted and incarcerated in violation of the United States Constitution, the claim is, at best, premature.  The Supreme Court instructs:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  Plaintiff does not demonstrate that his conviction or sentence has been reversed or otherwise invalidated, and, therefore, his claim for damages fails.  *See, e.g., Johnson v. Williams*, 699 F. Supp. 2d 159, 171 (D.D.C. 2010), *aff'd sub nom. Johnson v. Fenty*, No. 10-5105, 2010 WL 4340344 (D.C. Cir. Oct. 1, 2010); *Jones v. Yanta*, No. 07-1172, 2008 WL 2202219 (D.D.C. May 27, 2008).

### 2. Notice (ECF No. 30)

The focus of plaintiff's "Notice" is the presence of a public defender at plaintiff's criminal trial on the presiding judge's order.  *See* Notice at 1, 4.  Plaintiff accuses the public

---

assault with a deadly weapon ("ADW") is a lesser-included offense of ASBI, the court concluded that the convictions on both offenses merged and remanded the matter for vacatur of the ADW conviction.  *See Hill v. United States*, No. 22-CF-0939 (D.C. Ct. App. Oct. 19, 2023).

defender of "sabotaging" his case and committing "federal crimes . . . in violation of the United States Constitution's laws and treaties." *Id*. Plaintiff maintains his innocence, *see id*., purports to petition for a writ of habeas corpus under 28 U.S.C. § 2254, *see id*. at 2-3, and moves "to overturn the conviction . . . with prejudice, or vacate [or] set aside" the conviction, *id*. at 3. Although plaintiff "was found guilty of assault with a dangerous weapon, assault with significant bodily injury while armed – knife," *id*. at 5, plaintiff challenges his conviction given the lack of evidence he committed the crime, *see id*.

Under 28 U.S.C. § 2254, a federal district court is authorized to issue a writ of habeas corpus with respect to a person detained pursuant to a state court judgment "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. The District of Columbia courts, including the Superior Court in which plaintiff was convicted, "are treated as 'state' courts for purposes of federal habeas-corpus jurisdiction." *Gorbey v. United States*, 55 F. Supp. 3d 98, 103 (D.D.C. 2014) (citing *Milhouse v. Levi*, 548 F.2d 357, 360 n.6 (D.C. Cir. 1976)). But plaintiff faces an additional hurdle, namely D.C. Code § 23-110. *See Smith v. Andrews*, No. 18-cv-2557 (RC), 2019 WL 2930052, at *2 (D.D.C. July 8, 2019) ("[H]abeas relief is particularly challenging to obtain in federal court because of an additional requirement imposed by D.C. Code § 23-110.").

As discussed above, absent a showing that plaintiff has pursued a remedy in the Superior Court under § 23-110, or that such remedy is inadequate or ineffective, he has no recourse in this federal district court. *See, e.g., Hill v. Jamison*, No. 24-cv-0027 (UNA), 2024 WL 341386, at *1 (D.D.C. Jan. 29, 2024) (dismissing § 2254 petition, noting plaintiff's failure "to address efforts that he has made, if any, in pursuit of post-conviction relief *pursuant to § 23-110*," or to "establish[] that this statutory remedy was somehow inadequate or ineffective") (emphasis in

original); *Void v. United States*, No. 17-cv-2768 (TNM), 2018 WL 10357127, at *1 (D.D.C. Jan. 4, 2018).

### 3. Motions to Expedite, for Subpoena, and for Trial (ECF Nos. 16, 24, 25)

Plaintiff asks this Court to expedite these proceedings, *see* Mot. Expedite at 1, explaining that there exist "exigent circumstances," *id*., given his struggles with "depression, P.T.S.D. and nightmares about assaults by the DC Police Dep[artment]," *id*. at 2, in addition to the continued denial of medications, beatings and torture he allegedly continues to suffer since his transfer from the D.C. Jail to FCI Hazelton, *see id*. He also asks that this case "go to trial within 60 days." Mot. for Trial at 1.

In addition, plaintiff requests transfer to the District of Columbia because this case "involves two Superior Court . . . judges," and so that plaintiff can file a petition for a writ of habeas corpus under 28 U.S.C. § 2254 "and make an oral argument in front of Judge Rudolph Contreras on the plaintiff's false conviction and his false imprisonment." Mot. for Subpoena at 1.

Given the Court's ruling in the District's favor, there is no need to expedite these proceedings, to set a trial date, or for plaintiff's physical presence in the District of Columbia. Furthermore, any challenge to plaintiff's conviction and sentence should be brought in the Superior Court under D.C. Code § 23-110, not in federal district court under 28 U.S.C. § 2254.

### 4. Response to Order of the Court (ECF No. 23)

The Court construes the submission docketed as plaintiff's Response to Order of the Court as a motion to consolidate this civil action with a habeas action transferred here from the United States District Court for the Southern District of New York. Consolidation is improper in

this circumstance and, at any rate, the habeas action to which plaintiff refers is closed. *See Hill v. Jamison*, No. 24-cv-0027, 2024 WL 341386 (D.D.C. Jan. 29, 2024).[3]

### 5. Motion for Show Cause Hearing, for Evidentiary Hearing, and to Expedite Trial (ECF No. 34)

This motion and Supplemental Memorandum (ECF No. 35) largely are duplicative of the complaint and plaintiff's previous submissions. No additional discussion is warranted.

## B. The District of Columbia's Motion to Dismiss[4]

### 1. The Department of Corrections is Dismissed as a Party Defendant

The District moves to dismiss the District of Columbia Department of Corrections as a party defendant because it is *non sui juris*. *See* Def.'s Mem. at 6-7. Plaintiff fails to respond to this argument.

"Agencies and departments within the District of Columbia government cannot be sued as separate entities." *Parker v. District of Columbia*, 216 F.R.D. 128, 130 (D.D.C. 2002) (citations omitted). Accordingly, the Court grants the motion and dismisses the Department of Corrections as a party defendant. *See, e.g., Carter-El v. District of Columbia Dep't of Corr.*, 893

---

[3] Another habeas petition transferred to this Court from the Southern District of New York suffered the same fate, *see Hill v. Jamison*, No. 24-cv-0171 (D.D.C. Feb. 12, 2024), as did a recent petition filed here, *see Hill v. Jamison*, No. 24-cv-0035, 2024 WL 519597 (D.D.C. Jan. 29, 2024).

[4] Certain of plaintiff's allegations pertain to events occurring after his designation to the Federal Correctional Hazelton in Bruceton Mills, West Virginia. *See, e.g.,* Mot. to Expedite (ECF No. 16-1) at 1, 3-8; Response to Order of the Court (ECF No. 23) at 2-5; Mot. for Show Cause Hearing (ECF No. 4) at 2, 4. The District cannot be held responsible for claims, over which this Court likely lacks jurisdiction, arising after plaintiff found himself in federal custody. At any rate, it appears that plaintiff raised the same claims in a case transferred to the Northern District of West Virginia from the Southern District of New York, which was dismissed without prejudice for failure to prosecute, *see Hill v. Gov't for the State of West Virginia*, No. 3:23-cv-0254 (N.D.W.V. Jan. 19, 2024), and in a separate action filed in the Northern District of West Virginia which has been dismissed without prejudice under 28 U.S.C. § 1915(g). *See Hill v. Gov't for the State of West Virginia*, No. 5:24-cv-0009 (N.D.W.V. Mar. 15, 2024).

F. Supp. 2d 243, 247 (D.D.C. 2012) (dismissing Department of Corrections because it "is not an entity capable of being sued separate from the District of Columbia," and declining to substitute the District of Columbia in its place because a claim against the District was futile); *Arnold v. Moore*, 980 F. Supp. 28, 33 (D.D.C. 1997) (dismissing claims against Department of Corrections, which is not a suable entity).

## 2. The Complaint Fails to State a Claim Against the District

The District understands plaintiff to hold it "liable for constitutional violations . . . based on the alleged 'torture' and 'assaults'" sustained at the D.C. Jail, Def.'s Mem. at 7, and "the wrongful confiscation of medications upon his arrival," *id*. at 8. The District urges dismissal of plaintiff's constitutional claims because the complaint fails to allege municipal liability adequately. *See id*. at 7-9.

Under 42 U.S.C. § 1983, a plaintiff may "seek money damages from government officials who have violated [his] constitutional rights.'" *Stoddard v. District of Columbia*, 764 F. Supp. 2d 213, 218 (D.D.C. 2011) (quoting *Butera v. District of Columbia*, 235 F.3d 637, 645 (D.C. Cir. 2001)). It provides:

> Every person who, under color of any statute, ordinance, regulation custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. The District of Columbia is a municipality, *see* D.C. Code § 1-102, and is a "person" for purposes of Section 1983, *see Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978); *Atchinson v. District of Columbia*, 73 F.3d 418, 420 (D.C. Cir. 1996) ("[A] municipality can be liable as a 'person' under section 1983 only if the municipality is itself

11

responsible for an unconstitutional deprivation of rights."); *Offutt v. District of Columbia*, No. 21-cv-2589 (TSC), 2022 WL 4598634, at *3 (D.D.C. Sept. 30, 2022) (noting *Monell*'s holding that municipalities such as the District of Columbia "are subject to liability for constitutional violations under 42 U.S.C. § 1983").

In order to state a claim for municipal liability, a complaint must allege "both (1) a predicate constitutional violation and (2) that a custom or policy of the municipality caused the violation." *Hernandez v. District of Columbia*, No. 21-cv-1374 (RCL), 2023 WL 2525004, at *3 (D.D.C. Mar. 15, 2023) (quoting *Baker v. District of Columbia*, 326 F.3d 1302, 1306 (D.C. Cir. 2003)) (additional citation and internal quotation marks omitted). For purposes of this discussion, the Court presumes without deciding that the complaint adequately alleges violation of plaintiff's Eighth Amendment rights, *see Women Prisoners of District of Columbia Dep't of Corr. v. District of Columbia*, 93 F.3d 910, 928 (D.C. Cir. 1996) (noting that prison conditions "are subject to Eighth Amendment scrutiny"), and Fourth Amendment rights, *see Prince v. District of Columbia*, No. 22-cv-0746 (JEB), 2022 WL 17415058, at *2 (D.D.C. Dec. 5, 2022) (analyzing excessive force claim under Fourth Amendment), *aff'd*, No. 22-7165, 2023 WL 6938135 (D.C. Cir. Oct. 19, 2023). Plaintiff's complaint falls short because it fails to allege adequately that a District of Columbia policy, practice or custom caused the alleged constitutional violations.

"It is well established that in a § 1983 case a city or other local governmental entity cannot be subject to liability at all unless the harm was caused in the implementation of 'official municipal policy.'" *Lozman v. City of Riviera Beach*, 138 S. Ct. 1945, 1951-52 (2018) (quoting *Monell*, 436 U.S. at 691) (additional citation omitted). There are four ways a plaintiff might establish a municipal policy causing his constitutional injury:

> (1) the municipality adopts a policy that itself violates the Constitution; (2) the unconstitutional action was taken by a policy maker within the government; (3) the employees' unconstitutional actions are so consistent that they have become a custom of the municipality of which the supervising policymaker must have been aware; or (4) the municipality knew or should have known of a risk of constitutional violations, but showed deliberate indifference to that risk by failing to act.

*Hurd v. District of Columbia*, 997 F.3d 332, 337 (D.C. Cir. 2021) (citations, brackets and internal quotation marks omitted). Notably absent from the complaint are factual allegations to support a municipal liability claim under any of these four approaches. Rather, in wholly conclusory fashion, the complaint alleges plaintiff was beaten and tortured, *see* Compl. at 6, deprived of prescribed medications, *see id*. at 8; Attach. at 2, 4, assaulted by correctional officers, *see* Attach. at 2-3, and deprived of medical care, *see id*. at 4. Plaintiff's response to defendant's motion offers nothing more, as it merely declares "the defendants . . . guilty of . . . violations, civil rights, basic human rights, basic human needs, and violations of [his] constitutional rights." Pl.'s Opp'n (ECF No. 29) at 3. Plaintiff does not describe, specify, or even hint at any District of Columbia policy or practice resulting in the violation of a constitutionally protected right, and his § 1983 claims fail. *See, e.g.*, *Christmann v. District of Columbia*, No. 22-cv-2189 (BAH), 2024 WL 216726, at *8 (D.D.C. Jan. 20, 2024) (finding plaintiff's conclusory allegations insufficient to state claim against the District, given plaintiff's duty to identify the municipal policy, custom, or practice causing alleged constitutional injury); *Trimble v. District of Columbia*, 779 F. Supp. 2d 54, 59 (D.D.C. 2011) ("[M]erely speculating that an unidentified policy and uncorroborated practice or custom exists without providing any factual heft to support the allegation is insufficient to state a claim under § 1983."); *Stoddard*, 764 F. Supp. 2d at 220 (dismissing constitutional claim because "[w]holly absent from the . . .

13

complaint is any allegation of a pattern, practice, policy or custom of the District of Columbia, the application of which caused [the alleged constitutional] violation"); *see also Bush v. District of Columbia*, 595 F.3d 384, 386 (D.C. Cir. 2010) (affirming grant of summary judgment for the District where plaintiffs failed to "cite[] evidence to support a finding [] that the District had the requisite policy or custom").

### C.     The District of Columbia's Motion for Summary Judgment

Assuming plaintiff adequately alleged negligence, assault and battery claims, the District argues that it is entitled to judgment in its favor because plaintiff failed to provide notice of his claims under D.C. Code § 12-309, *see* Def.'s Mem. at 9-10, which in relevant part provides:

> [A]n action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage. A report in writing by the Metropolitan Police Department, in regular course of duty, is a sufficient notice under this section.

D.C. Code § 12-309.  "This requirement 'is to be strictly construed because it is a departure from the common law concept of sovereign immunity.'"  *Harris v. Bowser*, 843 F. App'x 328, 330 (D.C. Cir. 2021) (quoting *Doe by Fein v. District of Columbia*, 93 F.3d 861, 872 (D.C. Cir. 1996) (per curiam)); *see Barnhardt v. District of Columbia*, 8 A.3d 1206, 1211-12 (D.C. 2010).

The District's declarant, the Program Analyst for the District's Office of Risk Management ("ORM"), Tort Liability Division, *see* Pope Decl. (ECF No. 21-2) ¶¶ 2-3, explains that the Tort Liability Division "receives, processes, and investigates potential claims against the District of Columbia . . . pursuant to D.C. Code § 12-309," *id*. ¶ 3.  Written notices of claims against the District are directed to the Tort Liability Division and recorded in ORM's claims management system.  *See id*. ¶ 4.

Having "conducted a diligent search of the records placed in ORM's Risk Management system for any written claim notices received from or on behalf of Eric Rodney Hill," Pope Decl. ¶ 6; Def. District of Columbia's Statement of Undisputed Material Facts (ECF No. 21-1, "SMF") ¶ 1, the declarant states she located two claims, *see* Pope Decl. ¶ 7.  One pertains only to plaintiff's "claim for damages related to damaged property stemming from the execution of a search warrant by officers of the Metropolitan Police Department on December 22, 2018," *id*., and the other to "a claim for damages related to additional damaged property, allegedly caused by officers of the Metropolitan Police Department on December 29, 2018," *id*.  The declarant's "search did not reveal any other letters or notices from or on behalf of Eric Rodney Hill."  *Id*. ¶ 8; SMF ¶ 2.

If plaintiff had sustained injury up to the day he signed the complaint on March 17, 2023, the six-month period would have expired on or about September 17, 2023.  *See* Def.'s Mem. at 10.  Defendant demonstrates that plaintiff did not submit proper notice of his claim to the Mayor or the Office of Risk Management, and plaintiff makes no showing to the contrary.

## IV.   Conclusion

The Court concludes that the Department of Corrections is not a suable entity, that the complaint fails to state a Section 1983 claim for which relief can be granted, and that plaintiff failed to notify the District in writing of his negligence, assault and battery claims as is required under D.C. Code § 12-309.  Accordingly, the Court GRANTS the District of Columbia's motion to dismiss and for summary judgment and DENIES plaintiff's motions.  An Order is issued separately.

/s/
RUDOLPH CONTRERAS
United States District Judge

DATE: April 22, 2024